AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>**CHRISTOPHER ANTHONY GARTH,**<br><br>*Defendant(s)* | Case No. 24-mj-8007-BER |

FILED BY ___TM___ D.C.

Jan 11, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___08/22/2024___ in the county of ___Palm Beach___ in the ___Southern___ District of ___Florida___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) | Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine/Over 50 Grams of Methamphetamine (Actual); |
| 18 U.S.C. § 924(c)(1)(A) | Possession of one or more firearms in furtherance of a federal drug trafficking crime; and |
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Felon in Possession of Firearms and Ammunition |

This criminal complaint is based on these facts:

See attached Affidavit

☒ Continued on the attached sheet.

_____
*Complainant's signature*

___Daniel Fuchsman, Task Force Officer, ATF___
*Printed name and title*

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: _____

Bruce Reinhart
Digitally signed by Bruce Reinhart
Date: 2024.01.11 17:35:21 -05'00'

_____
*Judge's signature*

City and state: ___West Palm Beach, Florida___    ___Bruce Reinhart, U.S. Magistrate Judge___
*Printed name and title*

## AFFIDAVIT
## Case No. 24-mj-8007-BER

Your affiant, Daniel Fuchsman, first being duly sworn, does hereby depose and state as follows:

## INTRODUCTION

1. Your Affiant is currently a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has served in that capacity since January 2021. As a TFO your affiant has been specially deputized by the United States Marshals Service and authorized to enforce federal law, to include offenses occurring under Titles 18 and 21 of the United States Code. Your affiant has served as a West Palm Beach Police Officer (WPBPD) for approximately the preceding 7-year period. Some of your affiants responsibilities as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) include investigating violations of federal law, including violations of Gun Control Act (Title 18 United States Code, Chapter 44). During my tenure with the West Palm Beach Police Department, Your Affiant has personally participated in the arrest of over 100 individuals for the sale and possession of illegal controlled substances and over fifty investigations, arrest and subsequent debriefings of individuals who were arrested for possessing firearms in furtherance of violent and/or drug trafficking crimes. Your Affiant personally participated in the execution of at least 50 narcotics related search warrants. Your Affiant interviewed at least 50 individuals who were involved in the sale and distribution of controlled substances. On the basis of his training and experience, in 2023, your affiant was found qualified to testify an expert witness in street level drug trafficking in the United States District Court for the Southern District of Florida. Consequently, your Affiant is familiar with the ways, manner, and means by which street level narcotics are purchased, sold, and

packaged, as well as street terminology commonly employed by individuals illegally selling and distributing controlled substances.

2. Your affiant submits this Affidavit in support of a criminal complaint charging **CHRISTOPHER ANTHONY GARTH,** with: (a) Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine/Over 50 Grams of Methamphetamine (Actual) in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B): (b) Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime, in violation of Title 18, United States Code, Section 922(c)(1)(A); and (c) Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

3. Your affiant submits this Affidavit based on my personal knowledge and information provided to me from other law enforcement officials. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not purport to include all of the details of the investigation of which I am aware.

## PROBABLE CAUSE

4. During the months of May 2023 to August 2023, Detective Negron and members of the WPBPD Special Investigations, Organized Crime Section conducted an ongoing narcotic investigation after observing a white four door BMW 650i bearing FL tag 24AMAB, driven by Christopher Anthony GARTH (GARTH), conduct what appeared to be several illicit narcotic transactions within the city of West Palm Beach located in the Southern District of Florida. For example, on August 9, 2023, GARTH was stopped by the West Palm Beach Police Department after was appeared to be several illicit narcotics transactions. Subsequently various amounts of different narcotics were located in GARTH's possession to include Methamphetamine and

Fentanyl. GARTH was arrested and charged accordingly, and was released on bond. Through investigation and surveillance techniques, Detective Negron was able to determine GARTH's residence to 1811 Renaissance Commons Blvd Apt #511, Boynton Beach, Florida, 33426 (hereinafter "GARTH's residence"), which your affiant knows to be located in Palm Beach County and the Southern District of Florida.

5. On August 22, 2023, at approximately 3:56 p.m., Detective Luttier of the West Palm Beach Police Department Organize Crime section, was on duty conducting external surveillance of GARTH's residence, when he observed GARTH exit apartment #511 and utilize a key to enter a storage unit marked "25-I" located across the hall from GARTH's apartment. These observations were video recorded. GARTH then exited the storage unit and reentered GARTH's residence. Shortly thereafter, Detective Luttier watched GARTH depart his apartment and exit the apartment hallway by utilizing the elevator. Law enforcement attempted to conduct a traffic stop on GARTH, for running a solid red-light signal, in the white four door BMW 650i bearing FL tag 24AMAB, at which time GARTH recklessly fled at high speed from marked law enforcement vehicles. GARTH was subsequently arrested after crashing into a Palm Beach County Sherriff Office Narcotic Agent's unmarked vehicle and observed by an agent of the Palm Beach County Sheriff's Office attempting to discard 45.7 net grams of Methamphetamine (based on subsequent laboratory analysis) while law enforcement attempted his apprehension at the crash scene. Shortly thereafter, GARTH was arrested by Florida Highway Patrol and the Palm Beach County Sheriff's Office and charged with obstruction without violence, fleeing to elude, reckless driving, tampering with evidence and state related drug charges. Florida Highway Patrol issued GARTH three (3) separate citations for reckless driving, flee and elude, and failure to obey a traffic control signal.

6. On the basis of the foregoing and other information, law enforcement sought and obtained lawful state residential search warrants for GARTH's residence and the aforementioned storage unit (Unit 25-I) across the hall from GARTH's residence, which GARTH had been observed entering shortly before his departure and the ensuing traffic stop which resulted in his arrest. At approximately 7:12 p.m., on August 22, 2023, PBSO narcotics agents in conjunction with, ATF, and the WPBPD, executed the Florida state search warrants on GARTH's residence and storage unit. Keys located on GARTH's person during the time incident to his arrest were determined to open the locks on both GARTH's storage unit and residence, eliminating the need for forced entry into those locations. In the storage unit, agents discovered and seized a black Gerber crossbody bag on the floor containing bags of powder, pills, capsules and crystals of substances that field tested positive for several different controlled substances as further described below. The black Gerber bag also contained 143 empty clear pill capsules, which, on the basis of his training and experience, your affiant is aware are commonly used in the Palm Beach County area for the packaging and retail distribution of controlled substances such as Fentanyl and Methamphetamine, a black digital scale, as well as a silver and black Ruger Model LCP, .380 caliber semi-automatic pistol bearing, serial No. 372164475. The firearm was equipped with a magazine inserted in its grip containing six (6) live rounds of ammunition, and an additional one (1) live round in the chamber. In GARTH's residence, agents discovered and seized powder and pills of substances that field tested positive for several different controlled substances as further described below. Fifteen exhibits were submitted to the Drug Enforcement Agency's Southeast Regional Laboratory (DEA/SERL) for analysis. Investigators recovered the following items from GARTH's residence and the adjacent storage unit (Unit 25-I) based on subsequent DEA/SERL laboratory analysis:

a. 678.5 net grams of one hundred percent pure Methamphetamine, a schedule II-controlled substance;

b. 276.4 net grams of cocaine, a scheduled II controlled substance,

c. 4.51 net grams of cocaine base, a scheduled II controlled substance,

d. 8.856 net grams of fentanyl, a scheduled II controlled substance,

e. 1.163 net grams of fentanyl analogue, a scheduled II controlled substance,

f. 3.51 grams of Oxycodone tablets, a scheduled II controlled substance, and

g. 2.611 grams of Alprazolam tablets, a scheduled II controlled substance.

h. $5,653.44 in United States Currency.

7. On September 7, 2023, your affiant applied to, and received from United States Magistrate Judge Bruce Reinhart a federal search warrant to seize, enter, and search GARTH's body to obtain a DNA standard sample. On September 8, 2023, your affiant assisted by WPBPD detectives responded to the Palm Beach County Jail, in Palm Beach County, Southern District of Florida, and obtained a DNA sample from GARTH. Thereafter, your affiant submitted a request for GARTH's DNA to be compared to the DNA recovered on swabs taken from the aforementioned black semi-automatic Ruger LCP .380 caliber style handgun bearing serial No. 372164475, and the packaging which encompassed a large amount of various narcotics located during the residential search warrant. The DNA sampled from GARTH and swabs obtained from both the firearm and narcotics packaging were sent to DNA Labs International for comparison, the results of which remain pending at this time.

8. On September 27, 2023, a federal cellphone search warrant for GARTH's Gold iPhone XS, purple iPhone Pro and black Samsung touchscreen, which GARTH was in possession of during the attempted traffic stop on August 22, 2023, was signed and granted by United States

Magistrate Judge Ryon McCabe. Following receipt of the Court's authorization, your affiant initiated a review of the contents of GARTH's cellular phone and observed several communications between GARTH and unknown individuals between February 2023 to July 2023 on his Samsung cellphone (number 772-268-0127) wherein GARTH advised he had "ice," "diamonds", and "tina." On the basis of his training and experience, your affiant knows that "ice," "diamonds," and "tina," are commonly used street terminology for Methamphetamine.

9. A criminal records check, and records from the Broward County Circuit Court established that prior to August 22, 2023, GARTH had sustained a felony conviction on July 17, 2015, for the offenses of Robbery with a Deadly Weapon, Aggravated Assault on a Law Enforcement Officer, and Fleeing and Eluding, in the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 2013-CF-004716A88810. GARTH was thereafter sentenced to state prison terms of five (5) years five (5) months and fourteen (14) days imprisonment upon for said convictions. Public Florida Department of Corrections records indicate that GARTH commenced his incarceration on August 4, 2015, and was released from custody some four years later, on or about April 14, 2019. Accordingly, GARTH was clearly aware that he had been convicted of offenses punishable by imprisonment for a term exceeding one year.

## CONCLUSION

10. Wherefore, on the basis of the foregoing, I respectfully submit that probable cause exists to charge **CHRISTOPHER ANTHONY GARTH** with: (a) Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine/Over 50 Grams of Methamphetamine (Actual) in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B): (b) Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime, in violation of Title 18, United States Code, Section 922(c)(1)(A); and (c)

Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
Task Force Officer Daniel Fuchsman
Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN AND ATTESTED TO ME
TELEPHONICALLY (VIA FACETIME)
BY THE APPLICANT IN ACCORDANCE
WITH THE REQUIREMENTS OF
FED. R. CRIM. P. 4(d) AND 4.1 THIS _____
DAY OF JANUARY, 2024.

Bruce Reinhart
Digitally signed by Bruce Reinhart
Date: 2024.01.11 17:35:41 -05'00'

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: CHRISTOPHER ANTHONY GARTH

Case No: 24-mj-8007-BER

**Count # 1**
**Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine/Over 50 Grams of Methamphetamine (Actual)**
**Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)**
* Max. Term of Imprisonment: Life
* Mandatory Min. Term of Imprisonment (if applicable): 10 years
* Max. Supervised Release: Life
* Max. Fine: $10,000,000.00
* Special Assessment: $100.00
* Immigration Consequences of Removal (Deportation) if the defendant in not a U.S. Citizen, following conviction.

**Counts # 2**
**Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime**
**Title 18, United States Code, Section 924(c)(1)(A)**
* Max. Term of Imprisonment: Life
* Mandatory Min. Term of Imprisonment (if applicable): 5 years' imprisonment consecutive to any other term of imprisonment imposed.
* Max. Supervised Release: Five (5) years
* Max. Fine: $250,000.00
* Special Assessment: $100.00
* Immigration Consequences of Removal (Deportation) if the defendant in not a U.S. Citizen, following conviction.

**Count # 3**
**Possession of Firearm and Ammunition by a Convicted Felon**
**Title 18, United States Code, Sections 922(g)(1), 924(a)(8)**
* Max. Term of Imprisonment: 15 years
* Mandatory Min. Term of Imprisonment (if applicable): n/a
* Max. Supervised Release: Three (3) years
* Max. Fine: $250,000.00
* Special Assessment: $100.00
* Immigration Consequences of Removal (Deportation) if the defendant in not a U.S. Citizen, following conviction.